Filed 11/18/13  P. v. Martinez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MARCO ANTONIO MARTINEZ,<br><br>  Defendant and Appellant. | A138601<br><br>(Lake County<br>Super. Ct. No. CR929894B) |

Defendant appeals from an order denying his motion under Penal Code section 1018 to vacate a plea.  His counsel raises no issues and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was apprised of his right to file a supplemental brief, but has not done so.

This court previously affirmed the underlying judgment in this case — defendant's conviction of attempted cultivation of marijuana upon his plea of no contest.  (*People v. Martinez* (April 30, 2013, A137258 [nonpub. opn.].)

On December 10, 2012, prior to the filing of our opinion in the earlier appeal, defendant timely moved pursuant to Penal Code section 1018 to withdraw his plea on the ground that Doug Rhoades, his defense counsel, was ineffective because Rhoades failed to correctly advise him of the immigration consequences of the plea.  Defendant stated that he had completed his sentence and was under a hold by U.S. Immigration and Customs Enforcement (ICE) and faced deportation.  He acknowledged that Rhoades told

him that he would be subjected to deportation, but claims that Rhoades did not advise him of the immigration consequences of his plea or investigate any possible remedies.

A hearing on the motion was held on January 15, 2013. Defendant testified that after he was arrested in this case, an ICE hold was placed upon him. He admitted that he discussed his immigration status with Rhoades, and that his family had learned that in order for him to qualify for residency under a "new Obama law," he could be convicted of only a misdemeanor and not a felony. Rhoades advised him that the district attorney would not agree to a misdemeanor and that he would not be placed on probation or entitled to do a drug diversion program because he was here illegally. He testified that he was in custody with ICE and was required to wear an ankle bracelet and check in with the ICE office every two weeks.

On cross-examination, defendant admitted that he was told that a felony drug charge would result in immigration action that could exclude him from permanent residency. He also admitted that he read, initialed, and understood the immigration consequences section on the plea form which stated that if he was not a citizen of the United States, his plea of guilty or no contest "may or, with certain offenses, will result in [his] deportation . . . . The offenses that will result in such immigration action include, but are not limited to, an aggravated felony, conspiracy, a controlled substance offense, a firearm offense, and, under certain circumstances, a moral turpitude offense." Defendant further testified that Rhoades did not tell him that he would be deported but said that he "might have a chance to do something with — once I got to immigration."

Rhoades testified that he told defendant that with a plea to attempted cultivation, "unless ICE disregarded [its] own rules and law, he would be deported." Rhoades tried to obtain a better offer from the district attorney that would avoid the negative immigration consequences for defendant but was unsuccessful. Rhoades did not tell defendant that he might fare better with ICE if he was convicted of only attempted cultivation.

2

The court denied the motion, finding that defendant made a knowing and voluntary waiver of his rights when he entered his plea, and that he understood the consequences of the plea.

Defendant was represented by counsel throughout the proceedings. This court has reviewed the entire record and there are no meritorious issues to be argued.

The order is affirmed.

_____
Rivera, J.

We concur:

_____
Reardon, Acting P.J.

_____
Humes, J.